PAUL KELLY, JR., Circuit Judge,
concurring in part and dissenting in part.
I concur in the court’s opinion that reasonable suspicion of a mudguard violation could not be nullified by the police officer’s failure to address it with Mr. Tibbetts. See Devenpeck v. Alford, — U.S. -, 125 S.Ct. 588, 593-594, 160 L.Ed.2d 537 (2004) (officer’s state of mind is not relevant to individualized suspicion); Whren v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (same). I dissent from the court’s opinion to the extent that it orders a remand requiring the district court to make findings on whether the officer had reasonable suspicion of such a violation.
Such an inquiry requires an analysis of Utah’s mudflap statute, Utah Code § 41-6-150.10. This is a legal inquiry, one that we would undertake independently of the district court. See Salve Regina Coll. v. Russell, 499 U.S. 225, 238-39, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). Indeed, in a similar case, the Ninth Circuit refused to remand for a statutory analysis, conducting the inquiry itself. United States v. King, 244 F.3d 736, 739-42 (9th Cir.2001) (noting the court had .“not yet explicitly ruled on a case ... where an officer was mistaken about a statute not yet interpreted by the courts” and proceeding to analyze the state traffic statute at issue); see also United States v. Rojas-Millan, 234 F.3d 464, 468-70 (9th Cir.2000) (court analyzed state statutory provision and concluded that officer’s reasonable suspicion was objectively grounded in the law).
The court directs the district court on remand to “determine whether [the officer’s] belief that the law was violated be *1140 cause the mudflaps did not fully cover the wheels was either correct, a reasonable mistake of fact, or an impermissible mistake of law.” Prop. Op. at 12. No mistake of fact (reásonable ór unreasonable) is involved in this case. As the court notes, the officer testified the 4Runner had aftermarket tires that. were wider than the mudflaps, but that they did not extend beyond the vehicle’s fenders and bumpers. Prop. Op. at 10 n. 4. Given this uncontro-verted fact, all that remains is a legal inquiry: do these facts provide reasonable suspicion of a violation of the mudflap statute?
The statute must be interpreted according to its plain language unless there is an ambiguity. State v. Thurman, 911 P.2d 371, 373 (Utah 1996); see also DeGasso, 369 F.3d at 1146 (holding that federal court must adopt state rules of statutory construction when interpreting state statutes). Utah Code § 41-6-150:10(2) provides that a vehicle that has been “altered ... in ... any manner so that [its] wheels may throw dirt, water, or other materials on other vehicles” must have, behind its rearmost wheels, “wheel covers, mudguards, flaps, or splash aprons ... at least as wide as the tires they are protecting.” However, such equipment is not required “if the motor vehicle ... is designed and constructed so that the [purpose of the statute] is accomplished by means of fenders, body construction, or other mean's of enclosure.” Id. § 41-6-150.10(3).
Assuming the 4Runner was altered within the meaning of the statute, the government failed to meet its burden to prove the officer had reasonable suspicion of a violation. United States v. Salzano, 158 F.3d 1107, 1111 (10th Cir.1998). Other than the officer’s observations of the vehicle’s tires, the government’s sole evidence at the suppression hearing was, the officer’s testimony that if the tires were wider than the mudflaps, the statute had been violated. This belief confirms what is objectively apparent from the complimentary factual testimony — part of the statute is being ignored — mudflaps are not required when the purpose of the statute is accomplished by means of fenders or other means of enclosure. An officer’s mistaken view of the law, even when reasonable, is not an “objectively justifiable basis ” for making a stop. DeGasso, 369 F.3d at 1145. Although the court is correct that there need not be an actual violation, an accurate view of the law being enforced is required. No matter how well intentioned, a mistaken view of the law will not suffice for reasonable suspicion. For these reasons, I would affirm the suppression order. I respectfully dissent.